UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THERESA SMITH** | : | CIVIL ACTION NO. _____ |
| | : | |
| **VS.** | : | JUDGE _____ |
| | : | |
| **FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN** | : | MAGISTRATE JUDGE _____ |

*******************************************************************************

## COMPLAINT

Plaintiff, Theresa Smith, through her undersigned attorneys, allege as follows:

### NATURE OF ACTION

1.

This is an action by Theresa Smith for damages against her homeowner's insurance company, Foremost Insurance Company Grand Rapids, Michigan, for its failure to pay the full sums owed under its insurance policy resulting from damages to her home caused by Hurricane Ida.

### JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. Plaintiff, Theresa Smith, is a citizen of the State of Louisiana. Defendant, Foremost Insurance Company Grand Rapids, Michigan, is a foreign insurance company domiciled in the State of Michigan. The unpaid losses due under Defendant's insurance policy, plus penalties, attorney's fees, costs, and expenses on top of those unpaid losses owed exceed the sum of $75,000.00, and Plaintiff also seeks penalties, attorney's fees, costs, and expenses on top of those unpaid losses pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

3.

Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division also a substantial part of the property that is the subject of this action is situated in this District and Division.

## THE PARTIES

4.

Plaintiff, Theresa Smith, is an adult resident of Walker, Louisiana.

5.

Defendant, Foremost Insurance Company Grand Rapids, Michigan (hereinafter referred to as "Foremost Insurance Company"), is a foreign insurance company domiciled in the State of Michigan and can be served with this Complaint through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## FACTUAL ALLEGATIONS

6.

On the evening of August 29, 2021, Hurricane Ida made landfall near Port Fourchon, Louisiana, as a strong Category 4 hurricane with sustained winds of 150 miles per hour.

7.

After making landfall, Hurricane Ida traveled north and hit Livingston Parish, Louisiana, with hurricane-force sustained winds exceeding 100 miles per hour.

8.

At the time of Hurricane Ida, Theresa Smith was the owner of the home and property located at 15550 Varnado Road, Walker, Louisiana, 70785 ("the home").

9.

As a result of Hurricane Ida, the home sustained extensive damage to the dwelling. The contents and other structures of the home also sustained damages.

10.

At the time these damages were sustained due to Hurricane Ida, Theresa Smith had in full force and effect a policy of insurance with Foremost Insurance Company providing coverage for all losses sustained by Theresa Smith to the home, other structures, and contents, as well as for debris removal, code upgrades, and loss of use.

11.

On or around September 1, 2021, Theresa Smith reported her losses to Foremost Insurance Company and made claims for payment of those losses.

12.

On September 16, 2021, an adjuster retained and/or employed by Foremost Insurance Company inspected the home. The adjuster was provided with full access to the home and had a full opportunity to inspect the home, its contents, and other structures to fully determine Plaintiff's losses caused by Hurricane Ida without any limitations.

13.

The payments made to date by Foremost Insurance Company to Theresa Smith are inadequate to cover the costs to repair to the damages to the home and its other structures, which damages were clearly visible to the adjuster retained and/or employed by Foremost Insurance Company at the time of the adjuster's inspection. The damages to the home, its other

structures, contents, and the loss of use of their home greatly exceed the amounts estimated and paid by Foremost Insurance Company.

14.

Because of Foremost Insurance Company's failure to adequately tender payments for damages caused by Hurricane Ida, Theresa Smith has not been able to substantially conduct repairs to her home and compensate her the loss of use of her home, causing her mental anguish.

## CAUSES OF ACTION AND DAMAGES

### A. THE INSURANCE POLICY

15.

Theresa Smith reiterates and incorporates by reference all allegations in Paragraphs 1-14 above.

16.

The damages to the home caused by Hurricane Ida exceeds the amounts estimated and paid by Foremost Insurance Company.

17.

Theresa Smith is entitled to recover from Foremost Insurance Company the full cost of repairs of the home and other structures, less the inadequate payments made to date by Foremost Insurance Company, in accordance with the insurance coverages they purchased from Foremost Insurance Company.

18.

Theresa Smith is also entitled to recover for unpaid and/or underpaid contents, additional living expenses, and debris removal in accordance with the insurance coverages

she purchased from Foremost Insurance Company.

19.

Theresa Smith is entitled to recover from Foremost Insurance Company for the full losses she suffered due to Hurricane Ida under each of the insurance coverages she purchased from Foremost Insurance Company.

### B. **PENALTIES AND ATTORNEY'S FEES**

20.

Theresa Smith reiterates and incorporates by reference all allegations in Paragraphs 1-19 above.

21.

Pursuant to Louisiana Revised Statute 22:1892, Foremost Insurance Company was required to unconditionally tender payment to Theresa Smith for the losses not reasonably subject to dispute caused by Hurricane Ida within 30 days of Foremost Insurance Company's receipt of satisfactory proof of loss when its adjusters inspected the home. Foremost Insurance Company failed to do so.

22.

La. R.S. 22:1892 further required Foremost Insurance Company to re-evaluate Ms. Smith's claim and to tender additional unconditional payments to her each time Foremost Insurance Company received additional information concerning the losses sustained by her due to Hurricane Ida. Foremost Insurance Company failed to do so.

23.

Pursuant to La. R.S. 22:1892, Foremost Insurance Company is liable to Theresa Smith for a penalty of 50%, in addition to the amount of the loss, on the amount due from Foremost

Insurance Company, as well as reasonable attorney's fees and costs, for Foremost Insurance Company's failure to unconditionally tender the amounts owed to her within 30 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

24.

Pursuant to La. R.S. 22:1973A, Foremost Insurance Company is additionally liable to Theresa Smith for actual damages, including but not limited to mental anguish, aggravation, and inconvenience, for Foremost Insurance Company's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to her within 60 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

25.

Pursuant to La. R.S. 22:1973C, in addition to actual damages for its breaches of the statute, Foremost Insurance Company is additionally liable to Theresa Smith for a penalty of the up to two times the actual damages she sustained or five thousand dollars, whichever is greater.

**REQUEST FOR RELIEF**

26.

WHEREFORE, Plaintiff, Theresa Smith, prays that, after due proceedings are had, that there be a judgment rendered herein in Plaintiff's favor and against defendant, Foremost Insurance Company Grand Rapids, Michigan, for the full amounts due under the terms of the coverages provided by defendant's insurance policy, for actual damages, penalties, attorney's

fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiff in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

        Respectfully submitted,

        **THE TOWNSLEY LAW FIRM**

BY: */s/ Hannah E. Mayeaux*
     HANNAH E. MAYEAUX, La. Bar Roll #39275
     DAVID H. HANCHEY, La. Bar Roll #19927
     3102 Enterprise Boulevard
     Lake Charles, Louisiana 70601
     TelephoneJean337) 478-1400
     Facsimile: (337) 478-1577
     Email: hannah@townsleylawfirm.com
            david@townsleylawfirm.com

     *ATTORNEYS FOR PLAINTIFF, THERESA SMITH*

**PLEASE SERVE DEFENDANT:**
FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN
Through its Agent for Service:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809